United States District Court
Southern District of Texas

**ENTERED**
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSE TRINIDAD ROJAS PLIEGO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05719** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

### ORDER

Before the Court is Respondents' Motion to Stay (ECF No. 9). Respondents request that the Court stay its order granting Petitioner's habeas petition in light of the Fifth Circuit's published order granting the Government's motion for stay of the district court judgments pending the Fifth Circuit's *en banc* decision in *Sosnava Rodriguez*. *See Rodriguez v. Ortega*, ---F.4th---, 2026 WL 2104747 (5th Cir. July 21, 2026) ("Appellants' opposed motion for stay of the district court judgments pending rehearing *en banc* is GRANTED."). For the following reasons, the Motion to Stay is **DENIED**.

Respondents appear to argue that the Fifth Circuit's one-sentence order granting a stay of the underlying district court judgments in *Sosnava Rodriguez* has the extraordinary effect of barring all district courts from granting habeas petitions by noncitizens detained pursuant to 8 U.S.C. § 1225(b)(2) on any due process ground—no matter how dissimilar from the reasoning at issue in the stayed district court judgments.

The Court already considered and rejected this argument. *See Perozo-Mata v. Blanche*, 4:26-CV-05679, Doc. No. 9 at 4-6 (S.D. Tex. July 27, 2026); ECF No. 8 (Order Granting Petition)

1 / 3

at 3 n. 1. The Court declines to reconsider its prior decisions on this question. While it is of course true that the stay, as a published order, is binding on this Court, the order is silent as to its scope and reasoning. Had the Fifth Circuit intended to stay all habeas relief on any due process grounds—even grounds not considered or relied upon by the stayed district court orders—it could easily have expressed this intent.

Respondents contend that "[i]t makes no difference" that three district courts in *Rodriguez* (and the now-vacated panel opinion) addressed procedural due process, whereas this Court granted the petition based on substantive due process grounds not reached by the *Rodriguez* district courts. ECF No. 9 at 3. The basis for this argument is that the Government's motion for a stay "covered the gamut of possible due process arguments." *Id*. But the mere fact that the Fifth Circuit granted the government's motion without reasoning does not imply that it adopted each and every one of the Government's arguments—particularly those that were never addressed by the district courts. As the Court has previously stated, "[t]he Court will not presume that the Fifth Circuit intended such far-reaching (and unstated) consequences from its unreasoned, one-sentence stay order."[1] *Perozo-Mata v. Blanche*, 4:26-CV-05679, Doc. No. 9 at 6 n. 2.

For the reasons articulated in its previous orders, Respondents' Motion to Stay (ECF No. 9) is **DENIED**. The Court's prior order for release remains in effect.

---

[1] Other district courts within the Fifth Circuit have similarly concluded that the stay does not bar all relief on due process grounds for people detained pursuant to § 1225(b)(2). *See, e.g., Camacho v. Dep't of Homeland Sec.*, No. EP-26-CV-01717-DB, 2026 WL 2137156, at *2-3 (W.D. Tex. July 24, 2026) (concluding that "facial invalidation of Section 1225(b)(2)(A) is all that is precluded" by the stay); *Mercado Leyva v. United States Department of Justice Immigration Court*, 5:26-CV-01196, Doc. No. 11 at 2-3 n. 1 (S.D. Tex. July 23, 2026) ("Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed.").

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 3, 2026.

Keith P. Ellison
United States District Judge